**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RICKY JACKSON, | ) | CASE NO. 1:15-cv-00989 |
| | ) | |
| Plaintiff. | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS ALL CLAIMS AGAINST ESTATE OF EUGENE TERPAY,
ESTATE OF JAMES FARMER, ESTATE OF JOHN STAIMPEL,
AND ESTATE OF PETER COMODECA**

Plaintiff's Complaint wrongfully attempts to sue the Estates of Eugene Terpay, James Farmer, John Staimpel, and Peter Comodeca (collectively the "Estates"), even though there are no existing estates and no existing executors or administrators who have the capacity to be sued or the authority to accept service of process under federal and state law. Moreover, even if the estates were re-opened and an executor or administrator were appointed and served, the fact remains that all of the claims against the Estates must be dismissed as a matter of law because the statutory deadlines for bringing claims against an estate under Ohio Revised Code 2117.06 and Ohio Revised Code 2117.37 to 2117.42 have all expired. Accordingly, pursuant to Rule 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, the Court should dismiss all claims against the Estate of Eugene Terpay, the Estate of James Farmer, the Estate of John Staimpel, and the Estate of Peter Comodeca with prejudice for insufficiency of service of process and failure to state a claim.

A Memorandum in Support of this Motion to Dismiss is attached hereto for the Court's reference.

Respectfully submitted,

*/s/ Stephen W. Funk*
Stephen W. Funk (0058506)
ROETZEL & ANDRESS, LPA
222 South Main Street, Suite 400
Akron, OH 44308
Telephone:  (330) 849.6602
Facsimile:  (330) 376.4577
Email: sfunk@ralaw.com

Amanda M. Knapp (0081948)
ROETZEL & ANDRESS, LPA
One Cleveland Center, 9th Floor
1375 East Ninth Street
Cleveland, OH 44114
Telephone: (216) 623-0150
Facsimile:  (216) 623-0134
Email: aknapp@ralaw.com

*Attorneys for All of the Estate Defendants*
*and Individual Defendants*

# TABLE OF CONTENTS

SUMMARY OF ARGUMENT ................................................................................ 1

STATEMENT OF THE ISSUES TO BE DECIDED................................................ 2

STATEMENT OF FACTS ..................................................................................... 2

    A.    Estate Of Eugene Terpay ................................................................ 2

    B.    Estate Of James Farmer .................................................................. 3

    C.    Estate Of John Staimpel.................................................................. 4

    D.    Estate Of Peter Comodeca .............................................................. 4

LAW AND ARGUMENT ...................................................................................... 5

I.    THE COURT SHOULD DISMISS ALL CLAIMS AGAINST THE ESTATES
    UNDER FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM ................. 5

    A.    Standard Of Review For Motions To Dismiss Under Rule 12(b)(6)..................... 5

    B.    A Closed Estate Is Not A Legal Entity That Has The Capacity to Be Sued
        Under Federal Or State Law ............................................................ 6

    C.    Plaintiff Did Not Timely Or Properly File His Claims Against The Estates
        In Accordance With The Mandatory Requirements Of Chapter 2117 Of
        The Ohio Revised Code .................................................................. 9

        1.    R.C. 2117.06 Requires That All Claims Against An Estate Must
            Be Presented Within Six Months Of The Death Of The Decedent. .......... 9

        2.    The Exception For Contingent Claims In R.C. 2117.37 To 2117.42
            Is Not Applicable. ........................................................................ 11

        3.    Even If Plaintiff's Claims Qualify As "Contingent" Claims Under
            Ohio Law, The Fact Remains That They Were Not Timely Or
            Properly Filed In Accordance With The Statutory Requirements
            For Contingent Claims In R.C. 2117.37 To 2117.42............................... 12

        4.    The Provisions Of R.C. 2117.06(G) Are Not Applicable Here ............... 14

II.    THE COURT SHOULD DISMISS ALL CLAIMS AGAINST THE ESTATES
    UNDER FED. R. CIV. P. 12(B)(5) FOR INSUFFICIENCY OF SERVICE OF
    PROCESS. .................................................................................... 17

CONCLUSION.................................................................................................... 20

i

ATTACHMENTS:

#1 -    Certified Copy of Death Certificate for Eugene Terpay

#2 -    Certified Copy of Probate Court Docket for Estate of Eugene Terpay

#3 -    Certified Copy of Death Certificate for James T. Farmer

#4 -    Certified Copy of Probate Court Records for Estate of James T. Farmer

#5 -    Certified Copy of Death Certificate for John Staimpel

#6 -    Certified Copy of Probate Court Records for Estate of John Staimpel

#7 -    Certified Copy of Death Certificate for Peter F. Comodeca

#8 -    Certified Copy of Probate Court Records for Estate of Peter F. Comodeca

#9 -    Declaration of James Terpay

#10 -   Declaration of Michael Kendro

#11 -   Declaration of Lori Ferrell

## **TABLE OF AUTHORITIES**

**Cases**

*Baxter Bailey Invs., LLC v. Harrison Poultry, Inc.*, No. 11–3116, 2012 U.S. Dist. LEXIS 131167 (E.D. Tenn. Sept. 14, 2012) ...................................................................... 18

*Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996) ................................................................................... 18

*Campell v. Estate of Kilburn*, No. 3:13-cv-00627-LRH-WGC, 2014 WL 3613701 (D. Nev. July 21, 2014) ........................................................................................................... 7

*Carpenter v. Watson,* 2nd Dist. Montgomery No. CA 6725, 1980 WL 352626 (June 17, 1980) ....................................................................................................................... 8

*Cleary v. City of Hudson*, No. 5:12-CV-1943, 2013 WL 5557394 (N.D. Ohio Oct. 7, 2013) .......................................................................................................................... 19

*Click v. Unknown Executor or Administrator of Estate of Click*, 4th Dist. Lawrence App. No. 05CA38, 2007-Ohio-3029, 2007 WL 1732768 (June 13, 2007) .......................... 8

*D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014) ............................................................. 5, 11

*Dilbert v. Watson*, 3d Dist. Logan App. No. 8-09-02, 2009-Ohio-2098, 2009 WL 1200862 (May 4, 2009) ...................................................................................................... 10, 11

*Dillie v. Elliott*, 10th Dist. Franklin App. No. 75AP-240, 1975 WL 181905 (Nov. 6, 1975) ..................................................................................................................... 16

*Enyart v. Franklin Cnty.,* No. 2:09-CV-687, 2013 WL 1915099 (S.D. Ohio May 7, 2013) ......................................................................................................................... 18

*F.D.I.C. v. Conner*, 20 F.3d 1376 (5th Cir. 1994) ........................................................................ 7

*Fayler v. Karau*, 51 Fed. Appx. 639 (9th Cir. 2002) .............................................................. 17, 19

*Friedman v. Estate of Presser*, 929 F.2d 1151 (6th Cir. 1991) ............................................... 17, 18

*Gregory v. United States Bankruptcy Court*, 942 F.2d 1498 (10th Cir. 1991) ............................. 19

*Grubb v. Collins,* No. 1:09-CV-263, 2010 WL 3463848 (S.D. Ohio July 14, 2010) ............. 17, 19

*Harshbarger v. Moody*, 3rd Dist. Logan App. No. 8-09-13, 2010-Ohio-103, 2010 WL 165874 (Jan. 19, 2010) ...................................................................... 8, 9, 11, 12

*Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ......................... 11, 12

*Heuser v. Crum*, 31 Ohio St.2d 90, 285 N.E.2d 340 (1972) ................................................... 15, 16

*In re Estate of Bickham*, 85 Ohio App.3d 634, 620 N.E.2d 913 (1993) ....................................... 11

*In re Estate of George*, 24 Ohio St.2d 18, 262 N.E.2d 872 (1970) ......................................... 15, 16

*In re NM Holdings Co., LLC*, 622 F.3d 613 (6th Cir. 2010) .......................................... 5

*Jackson v. City of Columbus*, 194 F.3d 737 (6th Cir. 1999) ........................................... 6

*Klinger v. Corr. Corp. of Am.*, No. 4:11CV2299, 2012 WL 6200393 (N.D. Ohio
Oct. 23, 2012) ................................................................................... 8

*Lisboa v. Kleinman*, No. 1:07-CV-707, 2007 WL 4287619 (N.D. Ohio Dec. 4, 2007) ............... 6

*Little v. John William Little, Deceased*, 2nd Dist. Montgomery No. CA 6197, 1979
WL 208475 (June 27, 1979) .......................................................................... 8

*McGath v. Hamilton Local Sch. Dist.*, 848 F.Supp.2d 831 (S.D. Ohio 2012) ............................ 18

*Meinberg v. Glaser,* 14 Ohio St.2d 193, 237 N.E.2d 605 (1968) .................................... 15

*Montgomery v. Estate of William R. Griffith*, Civ. No. ST-07-CV-000063, 2008 WL
2769180 (V.I. Super May 16, 2008) ............................................................... 7

*New England Health Care Employees Pension Fund v. Ernst & Young, LLP*,
336 F.3d 495 (6th Cir. 2003) .......................................................................... 6

*O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345 (6th Cir. 2003) ........................ 17

*Ohio Savings Assoc. v. Friedman*, 8th Dist. No. 40001, 23 N.E.2d 993 (Jan. 4, 1980) ............... 10

*Patterson v. V & M Auto Body*, 63 Ohio St.3d 573 (1992) ........................................... 6

*Pierce v. Johnson*, 136 Ohio St. 95, 23 N.E.2d 993 (1939) .................................... 10, 11

*Pittman v. Spectrum Health System*, --- Fed.Appx. ---, 2015 WL 2384326 (6th Cir.
May 20, 2015) ...................................................................................... 5

*Plassman v. City of Wauseon*, No. 95-3736, 1996 WL 254662 (6th Cir. May 14, 1996) ............. 6

*Pope v. Boy Scouts of Am.,* Cr. No. 06-2130-KHV, 2006 WL 3199423
(D. Kan. Nov. 3, 2006) .............................................................................. 17

*Ridenour v. Ohio Dept. of Rehabilitation and Correction,* No. 2:10-cv-493, 2013 WL
1363635 (S.D. Ohio Apr. 3, 2013) ................................................................ 10

*Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736 (6th Cir. 1980) ........................... 6

*Sawyer v. Lexington–Fayette Urban County Gov't*, 18 Fed. Appx. 285 (6th Cir. 2001) ............. 18

*Securities Trust Co v. Black River Nat. Bank of Lowville*, 187 U.S. 211, 23 S. Ct. 52, 47 L. Ed. 147 (1902) ............................................................................... 8

*Taher v. Wichita State Univ.*, No. 06-2132-KHV, 2007 WL 852364 (D. Kan. Mar. 19, 2007).............................................................................................................. 17

*Vitek v. AIG Life Brokerage*, No. 2:06-cv-0615, 2007 WL 682431 (S.D. Ohio Feb. 27, 2007)................................................................................................................. 6

*Ward v. City of Norwalk,* No. 3:13CV2210, 2014 WL 7175223 (N.D. Ohio July 3, 2014).............................................................................................................. 7, 17

*Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559 (6th Cir. 2003) ..................................... 5

## **Statutes**

42 U.S.C. § 1983.................................................................................... 1, 10, 11, 12

Ohio Revised Code Section 2117 ................................................................. 8, 14, 15

Ohio Revised Code Section 2117.06 ............................................................ 2, *passim*

Ohio Revised Code Section 2117.06(A) ..................................................................... 9

Ohio Revised Code Section 2117.06(G) ............................................................ 14, 16

Ohio Revised Code Section 2117.061 ....................................................................... 9

Ohio Revised Code Section 2117.07 ............................................................ 14, 15, 16

Ohio Revised Code Section 2117.37 ............................................................ 2, *passim*

Ohio Revised Code Section 2117.39 ................................................................. 12, 13

Ohio Revised Code Section 2117.41 ................................................................. 13, 14

Ohio Revised Code Section 2117.42 ............................................................ 2, *passim*

Ohio Revised Code Section 2125.02 ....................................................................... 14

Ohio Revised Code Section 2305 ............................................................................ 14

## **Other Authorities**

*Moore's Federal Practice* ¶ 12.33 (3d ed. 1997) ...................................................... 17

Wright & Miller, *Federal Practice and Procedure*, Vol. 5A, § 1366 .......................... 18

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(1)............................................................................................ 19

Fed. R. Civ. P. 12(b)(5).................................................................................... 17, 18, 19

Fed. R. Civ. P. 12(b)(6).................................................................................... 2, 5, 6, 18

Fed. R. Civ. P. 12(b)(7)............................................................................................ 19

Fed. R. Civ. P. 17.................................................................................................... 2

Fed. R. Civ. P. 17(b)............................................................................................ 7, 8

Fed. R. Civ. P. 56.................................................................................................. 6

## SUMMARY OF ARGUMENT

This case involves the filing of claims under 42 U.S.C. § 1983 and under state law against the City of Cleveland and eight (8) other former detectives and/or sergeants of the City of Cleveland who were allegedly involved in the investigation of a 1975 murder that resulted in the prosecution and conviction of Plaintiff Ricky Jackson for aggravated murder and aggravated robbery.  (ECF #1, Complaint, filed 5/19/15).  Because the murder investigation occurred 40 years ago, the Complaint has alleged claims against the estates of three (3) former detectives and one (1) former sergeant who are now deceased:

(1)     Estate of Eugene Terpay, a former police detective who died in 2001 and who did not have any estate opened on his behalf except to report that no taxes were due;

(2)     Estate of James T. Farmer, a former police detective who died in 2001 and whose estate was closed on February 25, 2003;

(3)     Estate of John Staimpel, a former police detective who died in 1979 and whose estate was closed on November 16, 1981;

(4)     Estate of Peter F. Comodeca, a former sergeant who died in 2013 and whose estate was relieved of administration by a final judgment entry, dated December 13, 2013.

(Compl. ¶ 10-13) (collectively referred to as the "Estates" or the "Estate Defendants").[1]

As set forth more fully below, however, all claims against the Estate Defendants must be dismissed for insufficiency of service of process and failure to state a claim.  It is well-established that an "estate" is not a legal entity with the capacity to be sued under federal and state law.  Indeed, since none of the Estates are actually open at this time, none of the Estates presently has an administrator or executor with the capacity to be sued or the authority to accept

---

[1]  A certified copy of the death certificates and the probate court records for each decedent are attached hereto as Attachments #1-8, and may be considered by this Court in deciding this Motion to Dismiss.  (*See* Argument I.A., *infra*).

service of process under federal and state law.  Moreover, even if the Estates were re-opened and an executor or administrator were appointed and served, the fact remains that all of the claims against the Estates still must be dismissed as a matter of law because the statutory deadlines for bringing claims against an estate under Ohio Revised Code 2117.06 and Ohio Revised Code 2117.37 to 2117.42 have all expired.  Accordingly, the Court should dismiss all of the claims against the Estate Defendants with prejudice for failure to state a claim.

<u>STATEMENT OF THE ISSUES TO BE DECIDED</u>

1.      Whether the Court should dismiss all of the claims alleged against the Estates under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 17 because a closed estate is not an actual, legal entity with the capacity to be sued as a Defendant under federal and state law.

2.      Whether the Court should dismiss all of the claims alleged against the Estates under Fed. R. Civ. P. 12(b)(6) because none of the claims were timely and properly filed against the Estates in accordance with the statutory requirements of Ohio Revised Code 2117.06 and Ohio Revised Code 2117.37 to 2117.42.

3.      Whether Plaintiff failed to perfect service of process upon the Estates because he wrongfully attempted to serve the Complaint and Summons upon family members who were not authorized to accept service of process on behalf of a closed estate under Ohio law.

<u>STATEMENT OF FACTS</u>

The relevant facts relating to the Estates of Eugene Terpay, James Farmer, John Staimpel, and Peter Comodeca are set forth more fully below:

**A.      Estate Of Eugene Terpay**

Eugene Terpay died on May 14, 2001.  (*See* Attachment #1, Certified Copy of Death Certificate for Eugene Terpay).  At that time, no estate was opened on his behalf because the decedent had no assets or property that required probate administration.  (*See* Attachment #9,

2

Affidavit of James Terpay).  A certified copy of the Docket for the Cuyahoga County Probate Court, however, shows that there was a filing on August 3, 2011, for tax purposes only, which showed that no taxes were due.  (*See* Attachment #2, Certified Copy of Docket for *In re Estate of Eugene Terpay*, Case No. 2011-EST-170684).

Notwithstanding the fact that no estate was opened for the Estate of Eugene Terpay except for the limited purpose of verifying that no taxes were owed, Plaintiff attempted to effectuate service of process upon the "Estate of Eugene Terpay" by attempting to serve a summons upon his widow, Irene Terpay.   (ECF #6, Return of Service, filed 5/21/2015).  Although the Return of Service indicates that "Irene Trepay" was "personally" served with a summons on May 20, 2015, her grandson, Michael Kendro, has submitted a sworn Declaration to state that he was the individual who actually received the Summons and Complaint from the process server on May 20, 2015.  (*See* Attachment #10, Declaration of Michael Kendro).  Mr. Kendro, however, is not authorized to accept service of process on behalf of Irene Terpay or the Estate of Eugene Terpay.  (*Id.*)

### B.      Estate Of James Farmer

James Farmer died on January 12, 2001.  (*See* Attachment #3, Certified Copy of Death Certificate for James T. Farmer).  Following his death, an Application to Probate Will, along with an Application for Authority to Administer Estate, was filed with the Cuyahoga County Probate Court on April 12, 2001.  (*See* Attachment #4, Certified Copy of Probate Court Records for *In re Estate of James T. Farmer*, Case No. 2001-EST-47327, closed 2/24/2003).   Upon review, the Court issued a Final Judgment Entry approving the distribution of assets on February 24, 2003.  (*See* Attachment #4, Judgment Entry, dated 2/24/2003).  To date, there has been no Return of Service filed for the Estate of James Farmer in this case.

3

### C.    Estate Of John Staimpel

John Staimpel died on May 22, 1979.  (*See* Attachment #5, Certified Copy of Death Certificate for John Staimpel).  Following his death, an Application to Probate Will was filed with the Cuyahoga County Probate Court on May 25, 1979, along with an Application for Authority to Administer the Estate.  (*See* Attachment #6, Certified Copy of Probate Court Records from *In re Estate of John T. Staimpel*, Case No. 1979-EST-898012).  Upon review, the Probate Court then issued a Final Judgment Entry on November 16, 1981, granting approval of the final distribution of the assets of the Estate.  (*Id.*)  Even though the Estate of John Staimpel has been closed for over 33 years, Plaintiff attempted to effectuate service of process upon the "Estate of John Staimpel" by serving a summons upon Mr. Staimpel's widow, Jill Staimpel, on May 21, 2015.  (ECF #6, Return of Service for Estate of John Staimpel, filed 5/21/15).  Jill Staimpel is not legally authorized, however, to accept service of process on behalf of the Estate of John Staimpel, which has been closed since 1981, has no assets, and is not an actual, legal entity under Ohio law.

### D.    Estate Of Peter Comodeca

Peter F. Comodeca died on October 18, 2013.  (*See* Attachment #7, Certified Copy of Death Certificate for Peter Comodeca).  Following his death, an Application to Probate Will was filed with the Cuyahoga County Probate Court on December 12, 2013, along with an Application to Relieve Estate from Administration under R.C. 2113.03.  (*See* Attachment #8, Certified Copy of Probate Court Records from *In re Estate of Peter F. Comodeca*, 2013-EST-194493).  Upon review, the Probate Court then entered a Final Judgment Entry on December 13, 2013, relieving the Estate from Administration and transferring the Estate's sole asset.  (*See* Attachment #8, Entry Relieving Estate from Administration and Certificate of Transfer, dated 12/13/2013).

Notwithstanding the fact that the Estate of Peter Comodeca was closed in 2013 and no Administrator or Executor was ever appointed, Plaintiff has attempted to perfect service of process upon the "Estate of Peter Comodeca" by attempting to serve a summons upon his widow, Rosemarie Comodeca.  (ECF #9, Return of Service, filed 5/29/2015).  Although the Return of Service indicates that Ms. Comodeca was "personally served" at her residence on May 28, 2015, her daughter, Lori Ferrell, has submitted a Declaration that states that she was actually the person who received the Summons and Complaint from the process server on May 28, 2015. (*See* Attachment #11, Declaration of Lori Ferrell, ¶ 2-4).  Ms. Ferrell, however, is not legally authorized to accept service of process on behalf of Rosemarie Comodeca or on behalf of the Estate of Peter Comodeca, which has been closed since December 2013, has no assets, and is not an actual, legal entity under Ohio law.  (*Id.* at ¶ 4).

## LAW AND ARGUMENT

I.   **THE COURT SHOULD DISMISS ALL CLAIMS AGAINST THE ESTATES UNDER FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM.**

   A.   **Standard Of Review For Motions To Dismiss Under Rule 12(b)(6)**

It is well-established that a motion to dismiss under Rule 12(b)(6) seeks to challenge the legal sufficiency of the plaintiff's claims.  *Pittman v. Spectrum Health System*, --- Fed.Appx. ---, 2015 WL 2384326, *5 (6th Cir. May 20, 2015) (citing *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003)).  When deciding a motion to dismiss, the Court must accept the well-pled factual allegations as true, but it "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations . . . "  *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014).  In order to survive a Rule 12(b)(6) motion to dismiss, therefore, "[t]he complaint must show legal entitlement to relief."  *In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2010).

5

In deciding a motion to dismiss under Rule 12(b)(6), the Court generally may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment under Rule 56. As the Sixth Circuit has held, however, there are a number of exceptions to this rule, which would permit the Court to consider public records or other materials that are appropriate for the taking of judicial notice. *See New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003); *see, e.g., Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). Here, in deciding whether the claims against each of the Estates were timely and properly filed, it is appropriate to consider the certified public records from the relevant probate court proceedings in the Cuyahoga Court of Common Pleas, Probate Division, which are attached to Defendants' Motion to Dismiss. Indeed, it is well-established that a "federal court may take judicial notice of the proceedings in other courts of record." *Plassman v. City of Wauseon*, No. 95-3736, 1996 WL 254662, at *3 (6th Cir. May 14, 1996) (citing *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980)). Accordingly, this Court can and should consider public records from the relevant probate court proceedings in deciding this Motion to Dismiss. *See, e.g., Lisboa v. Kleinman*, No. 1:07-CV-707, 2007 WL 4287619, at *1 (N.D. Ohio Dec. 4, 2007) (taking judicial notice of public records from Cuyahoga Court of Common Pleas in deciding Motion to Dismiss).

**B.  A Closed Estate Is Not A Legal Entity That Has The Capacity to Be Sued Under Federal Or State Law.**

"It is well-established that both a plaintiff and a defendant in a lawsuit must be legal entities with the capacity to be sued." *Vitek v. AIG Life Brokerage*, No. 2:06-cv-0615, 2007 WL 682431, *4 (S.D. Ohio Feb. 27, 2007) (citing *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 574 (1992)). "If a defendant in a lawsuit is not an actual or legal entity, then any judgment rendered against that entity is void." *Id.* at *4 (citing *Patterson*, 63 Ohio St.3d at 576).

6

In this case, all of the claims alleged against the Estates must be dismissed as a matter of law because an "estate" is not a legal entity that has the capacity to be sued, particularly where, as here, the estate has been closed and no longer exists. *See, e.g., F.D.I.C. v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994) ("An estate is not a legal entity and cannot be sued as such"). As one federal court explained, "[i]t has long been recognized that an estate is not a legal entity, but rather a collection of assets and liabilities. Consequently, an estate cannot sue or be sued, and it is thus proper to name the representative of the estate, rather than the estate itself, as a party." *Campell v. Estate of Kilburn*, No. 3:13-cv-00627-LRH-WGC, 2014 WL 3613701, *3 (D. Nev. July 21, 2014). Indeed, in this case, given that the Estates of Eugene Terpay, James Farmer, John Staimpel, and Peter Comodeca have been closed or were never opened, it is clear that none of the "Estates" can be deemed to be an actual, real entity that has the capacity to be sued as a Defendant at this time. *See, e.g., Montgomery v. Estate of William R. Griffith*, Civ. No. ST-07-CV-000063, 2008 WL 2769180 (V.I. Super May 16, 2008) (granting motion to dismiss all claims against closed estate that ceased to exist upon the issuance of the probate court's order closing the estate).

In this regard, the question of whether a defendant has the capacity of being sued in federal court is governed by Fed. R. Civ. P. 17(b), which provides, in relevant part, that for all parties not an individual or corporation, capacity is determined "by the law of the state where the court is located . . . ." *See* Fed. R. Civ. P. 17(b)(3); *see also Ward v. City of Norwalk,* No. 3:13CV2210, 2014 WL 7175223 (N.D. Ohio July 3, 2014) (Carr, J.) ("whether a litigant can be sued or not sued (*i.e.*, whether it is *sui juris*) is governed by state law") (citing Fed. R. Civ. P. 17(b)(3)). As the U.S. Supreme Court has explained, "[t]he courts of the United States, in enforcing claims against executors and administrators of a decedent's estate, are administering

7

the laws of the state of the domicile, and are bound by the same rules that govern the local tribunals."  *See Securities Trust Co v. Black River Nat. Bank of Lowville*, 187 U.S. 211, 227, 23 S. Ct. 52, 58, 47 L. Ed. 147 (1902).  Thus, the question of whether the Estates of Eugene Terpay, James Farmer, John Staimpel, and Peter Comodeca constitute an actual, legal entity that has the capacity to be sued under Fed. R. Civ. P. 17(b) must be determined by examining Ohio law.

In accordance with the above-referenced case law, Ohio law also provides that a claim against an estate ordinarily can proceed only against the administrator or executor of that estate. *See Carpenter v. Watson,* 2nd Dist. Montgomery No. CA 6725, 1980 WL 352626 (June 17, 1980); *Little v. John William Little, Deceased*, 2nd Dist. Montgomery No. CA 6197, 1979 WL 208475, at *2-3 (June 27, 1979); *see also Klinger v. Corr. Corp. of Am.*, No. 4:11CV2299, 2012 WL 6200393, *5 (N.D. Ohio Oct. 23, 2012) (holding that an estate cannot file a claim as legal entity, but must have an administrator sue in his or her capacity as the personal representative of the estate).  Indeed, where, as here, there is no "open" estate with a duly-appointed executor or administrator, there is no personal representative who would be legally authorized to accept service of process on behalf of the estate as a Defendant.  *See, e.g., Click v. Unknown Executor or Administrator of Estate of Click*, 4th Dist. Lawrence App. No. 05CA38, 2007-Ohio-3029, 2007 WL 1732768, fn. 1 (June 13, 2007) (noting that plaintiff filed complaint against the "unknown" executor or administrator of the estate, but "never properly identified the executor or administrator or served the individual with process").

In this regard, Chapter 2117 of the Ohio Revised Code sets forth the exclusive procedure for presenting timely claims against an estate, regardless of whether the claim is due or not due, secured or unsecured, liquidated or unliquidated.  *See Harshbarger v. Moody*, 3rd Dist. Logan App. No. 8-09-13, 2010-Ohio-103, 2010 WL 165874, ¶ 9 (Jan. 19, 2010) (affirming dismissal of

8

wrongful death claim against estate because it was not filed in accordance with the requirements of R.C. 2117.06).  In general, R.C. 2117.06(A) does not permit a party to sue an estate directly.  Rather, it provides that claims against an estate must be presented to the executor or administrator of the estate "prior to the filing of a final account or a certificate of termination," or if the final account or certificate of termination has been filed, then the claim must be presented "to those distributees of the decedent's estate who may share liability for the payment of the claim." *See* R.C. 2117.06(A).  Here, as discussed more fully below, Plaintiff has failed to follow the applicable statutory procedures for bringing a claim against the administrator, executor, or beneficiaries of an estate under Ohio law.  Thus, for the reasons discussed below, the claims against the Estates of Eugene Terpay, James Farmer, John Staimpel, and Peter Comodeca should be dismissed because an estate is not a legal entity that can be sued directly and because Plaintiff has not properly followed the procedures for bringing a claim against the administrator, executor, or beneficiaries of an estate under Ohio law.  *See* Argument I.C., *infra*.

> **C.** **Plaintiff Did Not Timely Or Properly File His Claims Against The Estates In Accordance With The Mandatory Requirements Of Chapter 2117 Of The Ohio Revised Code.**

>> **1.** **R.C. 2117.06 Requires That All Claims Against An Estate Must Be Presented Within Six Months Of The Death Of The Decedent.**

As previously discussed, R.C. 2117.06 provides the exclusive procedure for bringing claims against a decedent's estate under Ohio law.  *See Harshbarger*, 2010-Ohio-103, at ¶ 9.  Importantly, R.C. 2117.06(B) requires that all claims against a decedent's estate must be presented "within six months of the death of the decedent, whether the estate is released from administration or an executor or administrator is appointed during that six-month period." *Id*.  "Except as provided in section 2117.061 of the Revised Code" [which relates to the Medicaid Estate Recovery Program and is not applicable here], R.C. 2117.06(C) provides that "a claim that

is not presented within six months after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees." *Id.* The statute further provides: "No payment shall be made on the claim and no action shall be maintained on the claim, except as otherwise provided in section 2117.37 to 2117.42 of the Revised Code with reference to contingent claims." *Id.*

In general, the Ohio courts have construed this six-month statutory deadline broadly to apply to any and all claims that may be alleged against a decedent or the decedent's estate in any capacity. *See Dilbert v. Watson*, 3d Dist. Logan App. No. 8-09-02, 2009-Ohio-2098, 2009 WL 1200862, ¶¶ 13-14 (May 4, 2009) (citing *Pierce v. Johnson*, 136 Ohio St. 95, 99, 23 N.E.2d 993 (1939), and *Ohio Savings Assoc. v. Friedman*, 8th Dist. No. 40001, 23 N.E.2d 993, at *4 (Jan. 4, 1980)). As the Ohio Supreme Court has explained:

> [T]he term 'creditor' was used in the statute 'in a generic sense, and includes all persons having rights in action against the decedent. The section is founded on reasons of public policy; and its object is to promote the early and final settlement of estates, and to enable distribution to be made of the residuum among those entitled, freed from charges and incumbrances.'

*Johnson*, 136 Ohio St. at 99 (citations omitted). Thus, unless one of the statutory exceptions in R.C. 2117.06 applies, the six-month deadline in R.C. 2117.06(B) and (C) broadly applies to all claims against a decedent or decedent's estate, including claims filed under 42 U.S.C. § 1983. *See, e.g., Ridenour v. Ohio Dept. of Rehabilitation and Correction,* No. 2:10-cv-493, 2013 WL 1363635, *1 (S.D. Ohio Apr. 3, 2013) (Economus, J.) (denying motion to appoint an administrator *ad litum* for decedent who died over a year before plaintiffs' Section 1983 claims were filed because "Plaintiffs failed to present their claims against [the decedent] within six months after his death and, such claims are now barred").

Here, it is undisputed that Plaintiff's claims were not presented or filed within six (6) months of the deaths of Eugene Terpay and James Farmer in 2001, John Staimpel in 1979, or

Peter Comodeca in 2013.  Under R.C. 2117.06(C), therefore, Plaintiff is "forever barred" from maintaining an action on his alleged claims against "all parties, including but not limited to, devisees, legatees and distributees" of the estate, unless he can satisfy the statutory requirements for "contingent" claims set forth in R.C. 2117.37 to R.C. 2117.42.  Here, for the reasons set forth below, Plaintiff has failed to satisfy the statutory requirements for contingent claims as a matter of law.  Accordingly, all of the Plaintiff's claims are time-barred as a matter of law.

> ### 2. The Exception For Contingent Claims In R.C. 2117.37 To 2117.42 Is Not Applicable.

In general, "[a] contingent claim is one in which the liability thereon 'is dependent upon some uncertain future event which may or may not occur.'"  *Harshbarger*, 2010-Ohio-103, at ¶ 17 (citing *In re Estate of Bickham*, 85 Ohio App.3d 634, 637, 620 N.E.2d 913 (1993)).  Under Ohio law, however, an unliquidated damages claim is not a "contingent" claim merely because liability was contingent upon the discovery of a previously unknown fact.  *Dilbert*, 2009-Ohio-2098, at ¶ 15 (holding that "the discovery rule does not apply to toll R.C. 2117.06(C)'s statute of limitations").  Rather, under Ohio law, if "the essential facts that gave rise to . . .  liability have already occurred," it is not a "contingent" claim because, as the Ohio Supreme Court has explained, "the event, the tort, giving rise to liability has already occurred and that cause of action has already accrued and is in existence," and "thus cannot be said to be contingent." *Harshbarger*, 2010-Ohio-103, at ¶¶ 17-18 (citing *Pierce*, 136 Ohio St. at 99).

In this case, it is likely that Plaintiff will argue that his Section 1983 claims are "contingent" claims because they did not accrue under *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), until after his underlying criminal conviction was reversed or vacated by the Court of Common Pleas in November 2014.  *See D'Ambrosio*, 747 F.3d at 385-386 (holding that civil rights claims did not accrue under 42 U.S.C. § 1983 until

11

plaintiff's "state court conviction was vacated and the *Heck* bar was lifted").  *Heck* is a principle of federal jurisprudence that seeks to prevent "conflicting parallel litigation 'arising out of the same transaction' that would permit a 'collateral attack on the conviction through the vehicle of a civil suit.'"  *Heck*, 512 U.S. at 484.  In this case, however, the question of whether a claim may be filed against an "estate" is governed by state law, not federal law.  Accordingly, the fact that federal jurisprudence temporarily bars a criminal defendant from bringing a civil claim under 42 U.S.C. § 1983 until his conviction has been invalidated is not controlling of whether a claim is a "contingent" claim as defined by Ohio law.  Accordingly, given that the "essential facts that gave rise to liability have already occurred," this Court should conclude that Plaintiff's claims are not contingent claims under Ohio law.  *Harshbarger*, 2010-Ohio-103, at ¶¶ 17-18.

> ### 3. Even If Plaintiff's Claims Qualify As "Contingent" Claims Under Ohio Law, The Fact Remains That They Were Not Timely Or Properly Filed In Accordance With The Statutory Requirements For Contingent Claims In R.C. 2117.37 To 2117.42.

Even assuming that the Plaintiff's claims are "contingent" claims that are not barred by the six-month presentation limitation in R.C. 2117.06(C), the fact remains that they were not timely or properly filed in accordance with the requirements of R.C. 2117.37 through R.C. 2117.42.  R.C. 2117.37 provides that "[i]f a claim is contingent at the time of a decedent's death and a cause of action subsequently accrues on the claim, it shall be presented to the executor or administrator, in the same manner as other claims, before the expiration of six months after the date of death of the decedent, or before the expiration of two months after the cause of action accrues, whichever is later, except as provided in section 2117.39 of the Revised Code."  Here, the Complaint alleges that Plaintiff's Section 1983 claims arose on November 21, 2014, when the Cuyahoga County Court of Common Pleas granted the State of Ohio's motion to dismiss all criminal charges, vacated his criminal conviction, and ordered Mr. Jackson released from prison.

12

(Compl. ¶ 76).  Thus, under the plain language of R.C. 2117.37, any claim against the Estates must have been presented to the executor or administrator "before the expiration of two months after the cause of action accrues," which was January 21, 2015.  *Id.*  Thus, even if Plaintiff were to attempt to re-open the closed estates in order to appoint an administrator or executor to receive service of process, such an action would be futile because it is undisputed that the two-month period for presenting claims to the administrator or executor under R.C. 2117.37 has expired.

Although R.C. 2117.39 provides a statutory exception to the two-month deadline in R.C. 2117.37, this exception also does not apply.  In particular, R.C. 2117.39 provides:

**R.C. 2117.39  Contingent Claims Not Presented.**

If at the time a cause of action accrues on a contingent claim against a decedent's estate, or if within two months thereafter an account of final distribution has been filed, no claim need be presented to the executor or administrator and the claimant may proceed by civil action against the distributees of the decedent's estate as provided in sections 2117.41 and 2117.42 of the Revised Code.

In this regard, R.C. 2117.41 provides that the claimant "may bring suit to recover on a claim against the heirs, next of kin, surviving spouse as next of kin, devisees, and legatees under the decedent's will, each of whom shall be liable to the claimant in an amount not exceeding the value of the real and personal property that the person received under the will or on distribution of the estate."  *Id.*  R.C. 2117.42 further sets forth the procedures for how a claimant may proceed against the beneficiaries of an estate in one action and how the jury "shall decide how much each of the defendants is liable to pay toward the satisfaction of the debt."  *Id.*  In so doing, R.C. 2117.42 also provides that "no one shall be compelled to pay more than the amount received by the person from the decedent's estate."  *Id.*

Importantly, however, R.C. 2117.41 has its own statutory time limitation for bringing claims directly against the heirs or beneficiaries of the decedent's estate.  In particular, the statute

13

expressly provides that "*no* suit shall be maintained under this section unless commenced **within six months** next after the time when the cause of action first accrues." *Id*. (emphasis added). This statutory requirement has not been met in this case.  Although the Complaint was filed on May 19, 2015, Plaintiff did not bring any claims directly against "the heirs, next of kin, surviving spouse as next of kin, devisees, and legatees under the decedent's will" in accordance with the six-month deadline established by R.C. 2117.41.  Thus, under the plain language of R.C. 2117.41, the time has now expired for Plaintiff to bring any claims against the beneficiaries of the closed estates under R.C. 2117.41 and R.C. 2117.42.

### 4.    The Provisions Of R.C. 2117.06(G) Are Not Applicable Here.

Finally, we note that the provisions of R.C. 2117.06(G) (formerly R.C. 2117.07) are not applicable here.  In particular, this section provides:

> (G) Nothing in this section or in section 2117.07 of the Revised Code shall be construed to reduce the periods of limitation or periods prior to repose in section 2125.02 or Chapter 2305 of the Revised Code, *provided that no portion of any recovery on a claim brought pursuant to that section or any section in that chapter shall come from the assets of an estate unless the claim has been presented against the estate in accordance with Chapter 2117 of the Revised Code*.

*Id.* (emphasis added).  As the italicized language set forth above provides, Section 2117.06(G) is intended to make clear that "nothing in this section" [*i.e.* in R.C. 2117.06] "or in section 2117.07" [which permits an administrator to accelerate the bar for bringing claims] shall be construed to reduce the applicable statute of limitations in Chapter 2305 of the Ohio Revised Code, "*provided* that no portion of the recovery on the claim shall come from the assets of the estate unless the claim has been presented against the estate in accordance with Chapter 2117." *Id.* (emphasis added).  Thus, R.C. 2117.06(G) does not operate to eliminate the statutory deadlines that apply to claims alleged against the assets of the estate or the beneficiaries, which may be brought *only if* they are timely presented "in accordance with R.C. Chapter 2117." *Id.*

14

For this reason, this statutory exception (which was formerly codified at R.C. 2117.07) has been construed by the Ohio courts as applying only in the limited circumstance of where a claim has been asserted for damages that would be paid under an automobile liability insurance policy that was in existence at the time of the alleged incident and which provided liability insurance for the negligence of the decedent. *Heuser v. Crum*, 31 Ohio St.2d 90, 285 N.E.2d 340 (1972); *In re Estate of George*, 24 Ohio St.2d 18, 262 N.E.2d 872 (1970); *Meinberg v. Glaser,* 14 Ohio St.2d 193, 237 N.E.2d 605 (1968).  These cases, therefore, do not authorize the filing of claims against the assets of an estate after the statutory deadlines in R.C. Chapter 2117 have expired.  Rather, they permit a claim only if the claim does not seek to recover any assets from the estate and only where it has been alleged that the alleged bodily injuries "were proximately caused by the negligence of a decedent, and that he had a policy of insurance insuring him against liability for such negligence."  *Heuser*, 31 Ohio St.2d at syllabus ¶ 2.

Indeed, in the foregoing cases, the claimants affirmatively stated that they were not suing to recover any assets of the estate, and specifically alleged that there was a liability insurance policy in existence that insured the decedent's negligence.  *See Heuser*, 31 Ohio St.2d at 93 ("Appellants sought no assets of the estate.  They alleged personal injuries proximately caused by the way in which decedent operated his vehicle, and that decedent had a policy insuring him against liability for such conduct"); *In re Estate of George*, 24 Ohio St.2d at 21 (holding that probate court may appoint administrator to accept service of process after closing of estate because "no recovery is sought from the assets of the estate itself," and the motion alleged the existence of an insurance policy); *Meinberg*, 14 Ohio St.2d at 195 (plaintiffs alleged that "at the time of the June 24, 1964, accident defendant's decedent had a policy of automobile bodily injury and property damage insurance on his automobile and that they do not bring their actions against

15

any of the distributable assets of the decedent's estate but solely against said insurance"). Moreover, in the foregoing cases, the claimants named the liability insurance company as an additional defendant and timely served a summons upon the insurance company before the expiration of the statute of limitations.  *Heuser*, 31 Ohio St.2d at 93.  Here, Plaintiff's Complaint does <u>not</u> allege that Jackson is not seeking to recover against the assets of the Estates.  Moreover, it does not allege that there was a liability insurance policy in existence in 1975 that would be applicable to the alleged wrongful conduct, and does not name any liability insurance company as an additional defendant.  Accordingly, the foregoing cases are not applicable here.

Finally, we note that the statutory exception in R.C. 2117.06(G) (formerly R.C. 2117.07) only applies to tort claims that accrued <u>before</u> the decedent's death, not to contingent claims that arose after the decedent's death.  R.C. 2117.06(G) provides an exception to the six-month presentation requirement for claims in Section 2117.06 and the acceleration of the bar of claims in R.C. 2117.07, not to the statutory deadlines for contingent claims in R.C. 2117.37 to R.C. 2117.42.  *See* R.C. 2117.06(G) ("Nothing *in this section or in section 2117.07* of the Revised Code shall be construed . . . ") (emphasis added).  Indeed, this distinction was specifically observed in *Dillie v. Elliott*, 10th Dist. Franklin App. No. 75AP-240, 1975 WL 181905, *3 (Nov. 6, 1975), in which the court of appeals distinguished the holding in *In re George, supra*, as applying only to a cause of action that "accrued before the death of the decedent," and not to a cause of action that "arose after the decedent's death and after the appointment of defendant executor."  *Id.* at *3.  Here, as previously discussed, the Plaintiff alleges that his Section 1983 claims arose in November 2014, which was long after each decedent's death.  Thus, for this additional reason, the limited exception that was discussed in *In re George* is not applicable to this case.

## II.   THE COURT SHOULD DISMISS ALL CLAIMS AGAINST THE ESTATES UNDER FED. R. CIV. P. 12(B)(5) FOR INSUFFICIENCY OF SERVICE OF PROCESS.

In addition to seeking the dismissal of all claims against the Estates for failure to state a claim, this Motion also seeks to dismiss all claims against the Estates under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.  As this Court has observed, "Federal Rule of Civil Procedure 12(b)(5) authorizes a district court to dismiss a complaint for insufficiency of service of process." *Ward v. Roberts,* No. 4:07-CV-44, 2007 WL 3102294, at *1 (N.D. Ohio Oct. 23, 2007). "Examples of insufficient service include serving the wrong person or serving an individual not authorized to accept service for defendant." *Pope v. Boy Scouts of Am.,* Cr. No. 06-2130-KHV, 2006 WL 3199423, at *1 (D. Kan. Nov. 3, 2006) (citing 2 James Wm. Moore, *Moore's Federal Practice* ¶ 12.33 at 12–54 (3d ed. 1997)); *see, e.g., Fayler v. Karau*, 51 Fed. Appx. 639, 640 (9th Cir. 2002) (personal representative had no authority to accept service of process on behalf of the decedent's estate after the probate estate was closed); *Grubb v. Collins,* No. 1:09-CV-263, 2010 WL 3463848, at *1-2 (S.D. Ohio July 14, 2010) (granting defendant's motion to dismiss for insufficiency of service of process because plaintiff served the incorrect defendant); *Taher v. Wichita State Univ*., No. 06-2132-KHV, 2007 WL 852364, at *3-4 (D. Kan. Mar. 19, 2007) (holding that service to a university was insufficient because plaintiff did not serve an individual authorized to accept service on behalf of the university).

In general, proper service of process is necessary because "[d]ue process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc*., 340 F.3d 345, 353 (6th Cir. 2003).  "[T]he requirement of proper service of process," therefore, "is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991).  To the contrary, "due to the integral relationship between service of process and due process requirements," the Sixth Circuit

17

has held that "actual knowledge of the action" is immaterial to whether there has been proper service of process upon a defendant under the Federal Rules of Civil Procedure.  *Id.*  Thus, the sole issue presented under Fed. R. Civ. P. 12(b)(5) is whether service was properly perfected upon a person who was legally authorized to accept service of process on behalf of each Estate under federal and state law.

In considering a motion to dismiss under Rule 12(b)(5), the plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington– Fayette Urban County Gov't*, 18 Fed. Appx. 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)); *see also McGath v. Hamilton Local Sch. Dist.*, 848 F.Supp.2d 831, 836 (S.D. Ohio 2012) ("When service of process is challenged, the burden rests with the plaintiff to establish that service is properly made").  Unlike a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may consider affidavits and other documentary evidence in resolving any factual issues presented by the motion without converting the motion into a motion for summary judgment.  *See Enyart v. Franklin Cnty.,* No. 2:09-CV-687, 2013 WL 1915099, at *2 (S.D. Ohio May 7, 2013) ("Motions to dismiss under Fed. R. Civ. P. 12(b)(5) need not be treated as motions for summary judgment even if they are supported by affidavits") (citing *Baxter Bailey Invs., LLC v. Harrison Poultry, Inc.*, No. 11–3116, 2012 U.S. Dist. LEXIS 131167, at *4–5 (E.D. Tenn. Sept. 14, 2012) ("To assist the court in determining factual issues, the '[p]arties may submit affidavits and exhibits with a motion to dismiss under Rule 12(b)(5)'")) (citations omitted); *see also* 5A Wright & Miller, *Federal Practice and Procedure*, § 1366 ( "there never has been any serious doubt as to the availability of extra-pleading material" for motions under Rules 12(b)(1) through 12(b)(5) and 12(b)(7), because they "only challenge the propriety of the court adjudicating the claim before it and do not reach the validity of the claim itself").

In this case, Plaintiff cannot satisfy his burden to establish proper service of process under Fed. R. Civ. P. 12(b)(5) because all of the Estates are closed, and there is not presently any administrator or executor who would be legally authorized to accept service of process on behalf of the Estates under federal or state law.  *See, e.g., Fayler*, 51 Fed. Appx. at 640 (personal representative had no authority to accept service of process on behalf of the decedent's estate after the probate estate was closed).  Moreover, as set forth in the Declarations of Michael Kendro and Lori Ferrell, the summons for the Estate of Eugene Terpay and for the Estate of Peter Comodeca were not actually served upon the persons set forth in the Return of Service. (*See* Attachment #10, Declaration of Michael Kendro, ¶ 3-4); (Attachment #11, Declaration of Lori Ferrell, ¶ 3-4).  In addition, no Return of Service has been filed for the Estate of James Farmer.  Accordingly, the Court should conclude that service of process was not properly perfected upon the Estates under Civ. R. 12(B)(5).

In general, "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant."  *Gregory v. United States Bankruptcy Court*, 942 F.2d 1498, 1500 (10th Cir. 1991); *Cleary v. City of Hudson*, No. 5:12-CV-1943, 2013 WL 5557394, *1 (N.D. Ohio Oct. 7, 2013) (quashing service, but denying motion to dismiss because there was "'a substantial likelihood' that further service could be made").  Dismissal may be proper, however, "where proper service of process would be futile."  *Gregory*, 942 F.2d at 1500; *see, e.g., Grubb*, 2010 WL 3463848, at *1 (holding that it "would be futile" to allow additional time for service).  Here, even if Plaintiff were to attempt to re-open the closed estates in order to appoint an administrator or executor to receive service of process, such an action would be futile because it is undisputed that the statutory deadlines for presenting claims to the administrator or executor of the Estates have expired.  *See* R.C. 2117.06

19

and R.C. 2117.37.  Accordingly, the Court should dismiss all of the claims alleged against the Estates with prejudice.

## <u>CONCLUSION</u>

For these reasons, the Court should dismiss all of the claims alleged against the Estates of Eugene Terpay, James Farmer, John Staimpel, and Peter Comodeca with prejudice.

Respectfully submitted,

/s/ Stephen W. Funk

| | |
|---|---|
| Amanda M. Knapp (0081948) | Stephen W. Funk (0058506) |
| ROETZEL & ANDRESS, LPA | ROETZEL & ANDRESS, LPA |
| One Cleveland Center, 9th Floor | 222 South Main Street, Suite 400 |
| 1375 East Ninth Street | Akron, OH 44308 |
| Cleveland, OH 44114 | Telephone:  (330) 849.6602 |
| Telephone: (216) 623-0150 | Facsimile:   (330) 376.4577 |
| Facsimile:  (216) 623-0134 | Email:  sfunk@ralaw.com |
| Email: aknapp@ralaw.com | |

*Attorneys for All of the Estate Defendants and Individual Defendants*

20

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(f), I hereby certify that the foregoing Memorandum complies with the 20-page limitation for dispositive motions in unassigned cases.  As required by Local Rule 7.1(f), the Memorandum has a table of contents, table of authorities, brief statement of the issues to be decided, and a summary of the argument.

<em>/s/ Stephen W. Funk</em>           <br>Stephen W. Funk

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of July, 2015, the foregoing Motion to Dismiss was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>/s/ Stephen W. Funk</u>
Stephen W. Funk

22