**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RICKY JACKSON, | ) | CASE NO. 1:15-cv-00989 |
| | ) | |
| Plaintiff. | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT MICHAEL CUMMINGS'S MOTION TO DISMISS FOR
INSUFFICIENCY OF SERVICE OF PROCESS OR, IN THE ALTERNATIVE,
TO QUASH SUMMONS AND RETURN OF SERVICE (ECF #12)**

Pursuant to Fed. R. Civ. P. 12(b)(5), the undersigned counsel hereby moves to dismiss the complaint against Defendant Michael Cummings for insufficiency of service of process or, in the alternative, to quash the summons and return of service for Defendant Michael Cummings that was filed on June 17, 2015 (ECF #12). As set forth in the attached Memorandum, the Return of Service filed for Defendant Cummings (ECF #12) shows that the Summons and Complaint were served upon the wrong person. Accordingly, the Court should dismiss the complaint against Michael Cummings for insufficiency of service of process or, in the alternative, quash the summons and return of service that was filed for Michael Cummings.

Respectfully submitted,

   */s/ Stephen W. Funk*
Stephen W. Funk (0058506)
ROETZEL & ANDRESS, LPA
222 South Main Street, Suite 400
Akron, OH 44308
Telephone: (330) 849.6602
Facsimile: (330) 376.4577
Email: sfunk@ralaw.com

1

**MEMORANDUM**

"Federal Rule of Civil Procedure 12(b)(5) authorizes a district court to dismiss a complaint for insufficiency of service of process." *Ward v. Roberts,* No. 4:07-CV-44, 2007 WL 3102294, at *1 (N.D. Ohio Oct. 23, 2007). "Examples of insufficient service include serving the wrong person or serving an individual not authorized to accept service for defendant." *Pope v. Boy Scouts of Am.,* Civ No. 06-2130-KHV, 2006 WL 3199423, at *1 (D. Kan. Nov. 3, 2006) (citing 2 James Wm. Moore, Moore's Federal Practice ¶ 12.33, at 12–54 (3d ed. 1997)) (emphasis added); *see, e.g., Grubb v. Collins,* No. 1:09-CV-263, 2010 WL 3463848, at *1-2 (S.D. Ohio July 14, 2010) (granting defendant's motion to dismiss for insufficiency of service of process because "Plaintiff served the wrong Defendant").

In general, proper service of process is necessary because "[d]ue process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). "[T]he requirement of proper service of process," therefore, "is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). Thus, "due to the integral relationship between service of process and due process requirements," the Sixth Circuit has held that "actual knowledge of the action" is immaterial to whether there has been proper service of process upon the Defendant under the Federal Rules of Civil Procedure. *Id.*

In general, the plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington–Fayette Urban County Gov't*, 18 Fed. Appx. 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)); *see also McGath v. Hamilton Local Sch. Dist*., 848 F.Supp.2d 831, 836 (S.D. Ohio 2012) ("When service of process is challenged, the burden rests with the plaintiff to establish that service is properly

made"). Unlike a motion to dismiss under Fed. R. Civ. P. 12(b)(6), however, the Court may consider affidavits and other documentary evidence in resolving any factual issues presented by the motion without converting the motion into a motion for summary judgment. *See Enyart v. Franklin Cnty.,* No. 2:09-CV-687, 2013 WL 1915099, at *2 (S.D. Ohio May 7, 2013) ("Motions to dismiss under Fed. R. Civ. P. 12(b)(5) need not be treated as motions for summary judgment even if they are supported by affidavits") (citing *Baxter Bailey Invs., LLC v. Harrison Poultry, Inc.*, No. 11–3116, 2012 U.S. Dist. LEXIS 131167, at *4–5 (E.D. Tenn. Sept. 14, 2012) ("To assist the court in determining factual issues, the '[p]arties may submit affidavits and exhibits with a motion to dismiss under Rule 12(b)(5)'")) (citations omitted); *see also* 5A Wright & Miller, *Federal Practice and Procedure*, § 1366 ("There never has been any serious doubt as to the availability of extra-pleading material" for motions under Rules 12(b)(1) through 12(b)(5) and 12(b)(7), because such motions "only challenge the propriety of the court adjudicating the claim before it and do not reach the validity of the claim itself").

In this case, Plaintiff's Return of Service shows that the Summons was personally served upon a "Michael J. Cummings" in Minneapolis, Minnesota. (ECF #12, Return of Service, filed 6/17/2015). As set forth in the attached Declaration of Michael Cummings, however, Plaintiff has served the summons upon the wrong person, as Defendant Michael Cummings does not reside in Minneapolis, Minnesota, and has not traveled to the State of Minnesota at any time for the past 50 years. (*See* Attachment #1, Declaration of Defendant Michael Cummings, ¶ 2-3). Thus, as of the date for filing this Motion, Defendant Michael J. Cummings has not yet been served with the Summons and Complaint in this civil action. (*Id*. at ¶ 4).

In general, "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Gregory v. United States Bankr. Ct.*, 942 F.2d 1498, 1500 (10th Cir. 1991); *see also Cleary v. City of Hudson*, No. 5:12-CV-1943, 2013 WL 5557394, *1 (N.D. Ohio Oct. 7, 2013) (Lioi, J.) ("The proper course is to quash the improper service and grant plaintiff a period of time within which to effect proper service") (citing *Stewart v. Coach Indus., Inc. v. Moore*, 512 F.Supp. 879, 884 (S.D. Ohio 1981)).  This remedy is particularly applicable in this case because the 120-day deadline in Fed. R. Civ. P. 4(m) for serving the Summons and Complaint has not yet expired. Accordingly, Defendant Michael Cummings respectfully requests that the Court quash the Summons and Return of Service that was filed by Plaintiff and direct Plaintiff to re-serve the Complaint and Summons upon the correct Defendant before the expiration of the 120-day deadline set forth in Fed. R. Civ. P. 4(m).

## CONCLUSION

For these reasons, the Court should dismiss and/or quash the Summons and Return of Service filed by Plaintiff for Defendant Michael Cummings on June 17, 2015.

Respectfully submitted,


    */s/ Stephen W. Funk*
Stephen W. Funk (0058506)
ROETZEL & ANDRESS, LPA
222 South Main Street, Suite 400
Akron, OH 44308
Telephone:  (330) 849.6602
Facsimile:   (330) 376.4577
Email: sfunk@ralaw.com

*Attorneys for Defendant Michael Cummings*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July, 2015, the foregoing Motion to Dismiss was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        */s/ Stephen W. Funk*
                                        Stephen W. Funk