IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY JACKSON, | ) | CASE NO. 1:15-cv-00989 |
| | ) | |
| Plaintiff. | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO APPOINT GUARDIAN AD LITEM FOR DEFENDANT FRANK STOIKER, AND TO SUBSTITUTE GUARDIAN AD LITEM AS DEFENDANT**

Defendant Frank Stoiker is 89-years-old and has been diagnosed with severe Alzheimer's type Dementia.  As a result of his advanced age and medical condition, Mr. Stoiker has no recollection of the people or events outlined in the Complaint and is not competent to represent and protect his own interests as a Defendant in the above-captioned matter.  Accordingly, and for the reasons set forth in the attached Memorandum and supporting Declarations, the undersigned respectfully request:  (1) that Mr. Stoiker's adult daughter, Karen Lamendola, be appointed to act as guardian ad litem for Mr. Stoiker in this civil action pursuant to Fed. R. Civ. P. 17(c)(2); and (2) that Karen Lamendola, in her capacity as the appointed guardian ad litem for Frank Stoiker, be substituted as a named Defendant in place of Mr. Stoiker pursuant to Fed. R. Civ. P. 25(b).

Respectfully submitted,

*/s/ Amanda M. Knapp*

| | |
|---|---|
| Stephen W. Funk (0058506) | Amanda M. Knapp (0081948) |
| ROETZEL & ANDRESS, LPA | ROETZEL & ANDRESS, LPA |
| 222 S. Main Street, Suite 400 | One Cleveland Center, 9th Floor |
| Akron, Ohio 44308 | 1375 East Ninth Street |
| Telephone:  (330) 849-6602 | Cleveland, OH 44114 |
| Facsimile:  (330) 376-4577 | Telephone: (216) 623-0150 |
| E-Mail:  sfunk@ralaw.com | Facsimile:  (216) 623-0134 |
| | Email:  aknapp@ralaw.com |

**MEMORANDUM**

I.  **THE COURT SHOULD APPOINT KAREN LAMENDOLA TO ACT AS GUARDIAN AD LITEM FOR DEFENDANT FRANK STOIKER PURSUANT TO FED. R. CIV. P. 17(c)(2).**

The rights of an incompetent defendant in a federal civil proceeding are protected by Federal Rule of Civil Procedure 17, which provides that a district court "must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Because Defendant Frank Stoiker is incompetent to represent himself and protect his own interests in this action, this Court should appoint his daughter, Karen Lamendola, to act as his guardian ad litem in this action, pursuant to Rule 17(c)(2).

A.  **Mr. Stoiker Is Incompetent To Represent Himself In This Action.**

Under the Federal Rules, Mr. Stoiker's capacity to be sued must be determined "by the law of [his] domicile." *See* Fed. R. Civ. P. 17(b)(1); *Donnelly v. Parker*, 486 F.2d 402, 406 (D.C. Cir. 1973) ("Capacity of an individual, not acting in a representative character, to sue or be sued in the federal courts is ordinarily to be determined by the law of his domicile."). Thus, in determining whether Mr. Stoiker is competent to represent his interests in this matter, this Court must apply the competency laws of the State of Ohio. *See* Declaration of Karen Lamendola ("Lamendola Decl.") ¶ 3, attached hereto as **Exhibit A**. Although Ohio law applies, this Court need only act in accordance with due process, and need not "use the state's procedures for determining competency or capacity." *See Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990); *see also Scannavino v. Florida Dep't of Corr.*, 242 F.R.D. 662, 664 (M.D. Fla. 2007) ("Although under Rule 17(b) a district court determining a party's capacity must use the law of

that party's domicile, the court need not adopt any procedure required by state law but must only satisfy the requirements of due process.").

In pertinent part, Ohio law provides that a person is incompetent if the person "is so mentally impaired as a result of a mental or physical illness or disability … that the person is incapable of taking proper care of the person's self or property…" *See* Ohio R.C. § 2111.01(D). For the reasons set forth in the Declarations of Dr. Timothy Bohn, M.D., and Karen Lamendola, the evidence clearly demonstrates that Mr. Stoiker is mentally impaired as a result of severe Alzhiemer's type Dementia, and is therefore is incapable of taking proper care of his interests or offering accurate testimony in this case. *See* Declaration of Dr. Timothy Bohn, MD ("Bohn Decl.") ¶¶ 5-10, attached hereto as **Exhibit B**; Lamendola Decl. ¶¶ 5-13. As his treating physician, Dr. Timothy Bohn, has confirmed that Mr. Stoiker "has difficulty with attention, concentration and confusion" and "cannot recall facts accurately." *See* Bohn Decl. ¶ 6-7. His daughter, Karen Lamendola, has further observed that Mr. Stoiker has no current memory of the people or events described in the Complaint. *See* Lamendola Decl. ¶ 12. Mr. Stoiker's medical condition is progressive, and will not improve. *See* Bohn Decl. ¶ 9. Accordingly, this Court should find Mr. Stoiker is not competent under Ohio law and Fed. R. Civ. P. 17(c)(2) to represent his interests or to offer testimony in this civil action.

    **B. A Guardian Ad Litem Must Be Appointed Pursuant To Rule 17(c)(2).**

Where, as here, a party is a not competent to defend his interests in a federal action, Rule 17(c)(2) provides that a district court "*must* appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action." Fed.R.Civ.P. 17(c)(2) (emphasis added). Indeed, a "failure to consider the necessity for a guardian ad litem and to make a determination appointing one" may be fatal to any judgment

rendered against an incompetent defendant under such circumstances. *See Noe v. True*, 507 F.2d 9, 11 (6th Cir. 1974) (district judge erred in failing to consider and rule upon guardian ad litem question).

An incompetent defendant is considered "unrepresented" if he or she does not have a general guardian, committee, conservator, or other "like fiduciary." *See* Fed.R.Civ.P. 17(c)(1); *Scannavino v. Florida Dep't of Corr.*, 242 F.R.D. 662, 666 (M.D. Fla. 2007). Because Mr. Stoiker does not presently have any of the identified guardians or other fiduciaries, *see* Lamendola Decl. ¶ 14, this Court must "consider the necessity for a guardian ad litem" in light of the attached evidence. *See Noe*, 507 F.2d at 11.

Although state law provides the applicable competency standard, "[a] district court need not look to the state law … in determining what factors or procedures to use when appointing the guardian ad litem." *See Gibbs ex rel. Gibbs v. Carnival Cruise Lines*, 314 F.3d 125, 135-36 (3d Cir. 2002). Instead, federal courts have focused on the protection of the represented person's interests. *See Gibbs*, 314 F.3d at 136 (holding federal courts' "polestar appears to be the protection of the [represented person]'s interests") (citing *Noe,* 507 F.2d at 11–12; *Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir.1989)).

It has been generally acknowledged that medical evidence of incompetency weighs in favor of the appointment of a guardian ad litem. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003) ("[I]f the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent, it likely would be an abuse of the court's discretion not to consider whether Rule 17(c) applied."); *Scannavino*, 242 F.R.D. at 667

(holding that "a district court *must* appoint a guardian ad litem" if it receives the type of verifiable evidence described in *Ferrelli*) (emphasis added).

Here, as previously discussed, Mr. Stoiker has been diagnosed with severe Alzheimer's type Dementia, and his treating physician has offered the medical opinion that Mr. Stoiker's progressive mental impairment causes him to have difficulty with attention, concentration, and confusion, and that Mr. Stoiker is not a reliable historian because he cannot recall facts accurately. *See* Bohn Decl. ¶¶ 5-10. These medical findings are consistent with Ms. Lamendola's own personal observations of her father's behavior. *See* Lamendola Decl. ¶¶ 5-13. This evidence clearly reflects that Mr. Stoiker is not competent to represent or protect his own interests in this action. Accordingly, this Court should grant this motion to appoint a guardian ad litem to represent and protect Mr. Stoiker's interests in this action.

### C. Ms. Lamendola Should Be Appointed Guardian Ad Litem For Mr. Stoiker.

A guardian ad litem is "appointed as a representative of the court" to act for the represented person in the action "with authority to engage counsel, file suit, and to prosecute, control and direct the litigation." *See Noe*, 507 F.2d at 12. "As an officer of the court, the guardian ad litem has full responsibility to assist the court to 'secure a just, speedy and inexpensive determination' of the action." *Id*. Accordingly, a person appointed to this role must be "qualified and objective." *Id*.

As a former court reporter of thirty years, Ms. Lamendola is familiar with the judicial process and is well-qualified to represent her father's interests in this case. *See* Lamendola Decl. ¶ 2. She is already a trusted adviser to her elderly father and mother and, as her father's closest living relative, is uniquely motivated to represent and protect her father's interests in this matter. *Id*. at ¶¶ 4, 16. She has no interests that are adverse to Mr. Stoiker's interests in this matter, *id*. at

5

¶ 17, and is accordingly the best choice to act as guardian ad litem for Frank Stoiker in this civil action. Accordingly, for the reasons set forth above, the undersigned counsel respectfully request that the Court determine that Defendant Frank Stoiker is not competent to defend his interests in this action, and exercise its authority under Fed. R. Civ. P. 17(c)(2) to appoint his daughter, Karen Lamendola, to serve as a guardian ad litem for the purpose of defending the above-captioned action on Mr. Stoiker's behalf.

## II. THE COURT SHOULD SUBSTITUTE MR. STOIKER'S GUARDIAN AD LITEM AS DEFENDANT IN THIS ACTION, PURSUANT TO FED. R. CIV. P. 25(b).

Upon finding Defendant Frank Stoiker incompetent and appointing a guardian ad litem to act on Mr. Stoiker's behalf, as requested above, the undersigned further requests that the Court issue an Order under Fed. R. Civ. P. 25(b) substituting Mr. Stoiker's guardian ad litem in his place as the named defendant in this action. *See* Fed.R.Civ.P. 25(b) ("If a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative."); *see also Kuelbs v. Hill*, 615 F.3d 1037, 1042 (8th Cir. 2010), *cert. denied*, 131 S. Ct. 1679, 179 L. Ed. 2d 616 (2011) ("when a party becomes incompetent, a motion for substitution is required before a court may order substitution"). This request for substitution is not only required by Fed. R. Civ. P. 25(b), it is consistent with the requirements of Rule 17(c), which provides for the appointment of a guardian ad litem to defend an action on behalf of an incompetent person. *See* Fed.R.Civ.P. 17(c). Accordingly, for the foregoing reasons, the undersigned respectfully requests, pursuant to Fed. R. Civ. P. 25(b), that the Court substitute Karen Lamendola, in her capacity as the guardian ad litem for Frank Stoiker, as the named Defendant the above-captioned action.

**CONCLUSION**

For these reasons, the undersigned counsel respectfully request that the Court issue an order granting the following relief: (1) appointing Defendant Frank Stoiker's adult daughter, Karen Lamendola, to act as guardian ad litem for Mr. Stoiker in this civil action pursuant to Fed. R. Civ. P. 17(c)(2); and (2) substituting Karen Lamendola in her capacity as the guardian ad litem for Defendant Frank Stoiker to act as the named Defendant in place of Defendant Frank Stoiker pursuant to Fed. R. Civ. P. 25(b). A Proposed Order is hereby submitted for the Court's reference.

Respectfully submitted,

| | |
|---|---|
| Stephen W. Funk (0058506) | */s/ Amanda M. Knapp* |
| ROETZEL & ANDRESS, LPA | Amanda M. Knapp (0081948) |
| 222 S. Main Street, Suite 400 | ROETZEL & ANDRESS, LPA |
| Akron, Ohio 44308 | One Cleveland Center, 9th Floor |
| Telephone: (330) 849-6602 | 1375 East Ninth Street |
| Facsimile: (330) 376-4577 | Cleveland, OH 44114 |
| E-Mail: sfunk@ralaw.com | Telephone: (216) 623-0150 |
| | Facsimile: (216) 623-0134 |
| | Email: aknapp@ralaw.com |

*Attorneys for Defendant Frank Stoiker*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of July, 2015, was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Amanda Knapp*
Amanda Knapp