UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RICKY JACKSON,** | CASE NO. 1:15CV989 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | **OPINION AND ORDER** |
| **CITY OF CLEVELAND, et al.,** | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #37) to Dismiss All Claims Against Estate of Eugene Terpay, Estate of James Farmer, Estate of John Staimpel and Estate of Peter Comodeca in Plaintiff's First Amended Complaint.  For the following reasons, the Motion is granted and the First Amended Complaint is dismissed against the Estate Defendants without prejudice.

### I. FACTUAL BACKGROUND

The captioned case was brought under 42 U.S.C. § 1983 and under state law against the City of Cleveland and eight former detectives and/or sergeants who were allegedly involved in the investigation of a 1975 murder that resulted in the prosecution and conviction of Plaintiff, Ricky Jackson.  Jackson was originally sentenced to death; but in 1978, his sentence was commuted to life in prison.  Edward Vernon, who was twelve years old at the time of the murder, identified the perpetrators and testified at the trials of Jackson, Kwame Ajamu (formerly Ronnie Bridgeman) and Wiley Bridgeman.  In 2013, Vernon confessed to his pastor that he was threatened and coerced by Defendant officers into testifying falsely

against Jackson, Ajamu and Bridgeman.  At an evidentiary hearing in state court, Vernon recanted and Jackson, Ajamu and Bridgeman were exonerated on November 21, 2014.

Jackson initiated the within lawsuit on May 19, 2015, claiming *Brady* violations; fabrication of evidence; malicious prosecution; failure to intervene; conspiracy to deprive Plaintiff of his Constitutional rights; supervisory liability; unconstitutional line-up procedures; intentional infliction of emotional distress; civil conspiracy; *respondeat superior* liability; indemnification; and negligent, willful, wanton and/or reckless conduct.

The Complaint named the Estate of Eugene Terpay, a detective who died on May 14, 2001.  No probate estate was opened at that time because the decedent had no assets or property that required probate administration.

The Complaint also named the Estate of James T. Farmer, a detective who died on January 12, 2001.  There was a final distribution of assets on February 24, 2003.

Another named Defendant is the Estate of John Staimpel, a detective who died on May 2, 1979.  His Estate was closed on November 16, 1981.

Jackson also sued the Estate of Peter F. Comodeca, a sergeant who died on October 18, 2013.  The Estate was granted relief from administration on December 13, 2013.

The First Amended Complaint was filed on August 13, 2015; and that pleading named the Estates again, and not any fiduciaries.

On August 20, 2015, the Estate Defendants filed their Motion to Dismiss (ECF DKT #37), arguing that all of the claims alleged against the "Estates" must be dismissed for insufficiency of service of process and for failure to state a claim.  They argue that an estate is not a legal entity with the capacity to be sued under federal and state law.  Since none of the

Estates are open, none has an administrator or executor with the capacity to be sued or the authority to accept service of process.

## II. LAW AND ANALYSIS

**Standard of Review**

Fed.R.Civ.P. 8 (a) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Hensley Mfg. v. ProPride*, Inc., 579 F.3d 603, 609 (6th Cir. 2009).  In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation.  *Id.* at 555.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level..." and must do more than allege the elements of a cause of action and come to legal conclusions.  *Id.*  Additionally, the plaintiff must "state a claim to relief that is plausible on its face."  *Id***.**  To state a claim that is plausible on its face, the plaintiff must plead facts that would allow the court to reasonably infer that the defendant is liable for the conduct the plaintiff alleges.  In determining whether this standard is met, the court must accept the factual allegations as true, but need not accept

legal conclusions. *Id.*

Normally, the Court is restricted to the "four corners" of the pleading; but the Sixth Circuit permits consideration of public records (such as relevant probate court proceedings) or other materials that are appropriate for the taking of judicial notice. *See New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

The question of whether a defendant is a proper party, with the capacity to be sued in federal court, is governed by "the law of the state where the court is located." *Medlen v. Estate of Meyers*, 273 F.App'x 464, 470 (6th Cir. 2008) ("[t]o determine whether the Estate was a proper party with the capacity to be sued, we must look to Ohio law..."); Fed.R.Civ.P. 17(b)(3). *See also, Ward v. City of Norwalk*, Case No. 3:13CV2210, 2014 WL 7175223 (N.D.Ohio July 3, 2014).

"An estate cannot sue or be sued; any action for or against it must be brought by or against the executor or personal representative of the decedent. *West v. West*, Case No. 96APE11-1587, 1997 WL 559477 at *5 (Ohio App. 10th Sept. 2, 1997).

In the within case, the Estates of Terpay, Farmer, Staimpel and Comodeca are closed, or were never opened. There are no executors or administrators with the capacity to be sued. Because the status of the Estates is a matter of public record, Plaintiff was on notice at the time the original Complaint was filed on May 19, 2015. When the First Amended Complaint was filed, on August 13, 2015, Plaintiff again named the Estates and not any fiduciary representatives. By Plaintiff's own admission, he did not file the Applications to Reopen Farmer's, Staimpel's and Comodeca's Estates nor the Application to Appoint an Administrator for Terpay's Estate until September 1, 2015. The Cuyahoga County Probate

Court has scheduled a hearing; but no decision on those applications has yet been made.

### III. CONCLUSION

The four named Estate Defendants are not entities with the capacity to be sued under Ohio law. Therefore, the Motion (ECF DKT #37) to Dismiss All Claims Against Estate of Eugene Terpay, Estate of James Farmer, Estate of John Staimpel and Estate of Peter Comodeca in Plaintiff's First Amended Complaint is granted and the First Amended Complaint is dismissed against the Estate Defendants without prejudice.

**IT IS SO ORDERED.**

                                                      s/ Christopher A. Boyko
                                                     **CHRISTOPHER A. BOYKO**
                                                     **United States District Judge**

**Dated: October 20, 2015**