UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICKY JACKSON,** | ) | CASE NO. 1:15CV989 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **CITY OF CLEVELAND, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #60) of Defendant, City of Cleveland, for Judgment on the Pleadings on Counts VII through XI of the First Amended Complaint.  For the following reasons, the Motion is granted.

**I. BACKGROUND**

The captioned case was originally brought under 42 U.S.C. § 1983 and under state law against the City of Cleveland and eight former detectives and/or sergeants who were allegedly involved in the investigation of a 1975 murder that resulted in the prosecution and conviction of Plaintiff, Ricky Jackson.  Jackson was sentenced to death; but in 1978, his sentence was commuted to life in prison.  Edward Vernon, who was twelve years old at the time of the

murder, identified the perpetrators and testified at the trials of Jackson, Kwame Ajamu (formerly Ronnie Bridgeman) and Wiley Bridgeman. In 2013, Vernon confessed to his pastor that he was threatened and coerced by Defendant officers into testifying falsely against Jackson, Ajamu and Bridgeman. At an evidentiary hearing in state court, Vernon recanted and Jackson, Ajamu and Bridgeman were exonerated on November 21, 2014.

Plaintiff filed this lawsuit on May 19, 2015. On October 1, 2015, Defendant City of Cleveland moved for dismissal of Counts VII through XI of Plaintiff's First Amended Complaint pursuant to Fed.R.Civ.P. 12(c). Those Counts are:

Count VII: Ohio State Law – Malicious Prosecution

Count VIII: Ohio State Law – Intentional Infliction of Emotional Distress

Count IX: Ohio State Law – Civil Conspiracy

Count X: Ohio State Law – *Respondeat Superior*

Count XI: Ohio State Law – Indemnification

Defendant City argues that all these claims fail as a matter of law. The Motion has been fully briefed and is ripe for decision.

## II. LAW AND ANALYSIS

### Motion for Judgment on the Pleadings

After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). In this jurisdiction, "[t]he standard of review for a judgment on the pleadings is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) . . . . We 'construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and

determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief.'" *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 389 (6th Cir.2007) (citations omitted).  The court's decision "rests primarily upon the allegations of the complaint;" however, "'exhibits attached to the complaint[] also may be taken into account.'" *Barany-Snyder v Weiner,* 539 F.3d 327, 332 (6th Cir.2008) (citation omitted) (brackets in the original).  Lastly, a Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law."  *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991).

With regard to the state law claims of malicious prosecution, intentional infliction of emotional distress and civil conspiracy, Plaintiff contends that he pled these claims against the individual Defendants only and "did not intend to assert these claims directly against the City, but only under *respondeat superior*."  (Plaintiff's Response Brief, ECF DKT #66 at 1).  Therefore, the Motion for Judgment on the Pleadings is granted as to Counts VII, VIII and IX as unopposed.

Defendant argues that Chapter 2744 of the Ohio Revised Code provides the City with immunity from *respondeat superior* liability for its employees' actions with respect to Plaintiff's state law claims.  Moreover, as the Ohio Supreme Court has held, "there are no exceptions for intentional torts" such as malicious prosecution, intentional infliction of emotional distress and civil conspiracy in R.C. § 2744.02(B).  *Wilson v. Stark Cnty. Dept. of Human Svcs*., 70 Ohio St.3d 450, 452 (1994).  In light of existing Ohio case law, Plaintiff does not oppose dismissal of his respondeat superior claim (Count X). (Plaintiff's Response Brief, ECF DKT #66 at 2).

Defendant lastly moves for dismissal of Plaintiff's indemnification claim (Count XI). R.C. § 2744.07(A)(2) provides:

> Except as otherwise provided in this division, a political subdivision shall indemnify and hold harmless an employee in the amount of any judgment, other than a judgment for punitive or exemplary damages, that is obtained against the employee in a state or federal court or as a result of a law of a foreign jurisdiction and that is for damages from injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function, if at the time of the act or omission the employee was acting in good faith and within the scope of employment or official responsibilities.

In *Piro v Franklin Twp.*, the court held that the foregoing section does not remove a political subdivision's immunity; rather, it obligates the political subdivision to indemnify its employees if they are found liable for a good faith act that is related to a governmental or proprietary function. 102 Ohio App. 3d 130, 141 (9th Dist.1995). The *Piro* court further held that "requiring the subdivision to indemnify its employees is entirely different from imposing direct liability on the subdivision." *Id.* Similarly, the court in *Maruschak v City of Cleveland* held that "the right of indemnification is the right of the employee; it does not create a cause of action or any enforceable right against the city in favor of a plaintiff who sues a municipal employee." No. 1:09 CV 1680, 2010 WL 2232669, at *6, fn. 8 (N.D. Ohio May 28, 2010). Also, R.C. § 2744.07(A)(2) "does not provide [plaintiff] with a cause of action against the City or anyone . . ." *Shoup v. Doyle*, 974 F.Supp.2d 1058, 1093 (S.D. Ohio 2013).

When faced with the question of whether Plaintiff could amend his Complaint a second time and assert an indemnification claim against the Estates of the deceased Defendant officers, the Court ruled that the amendment would be futile. (Opinion and Order, ECF DKT #82). Consistent with the Court's prior rationale, and in accordance with Ohio federal and

state case law, Plaintiff's Count XI for Indemnification asserted against the City of Cleveland fails.

### III. CONCLUSION

For all these reasons, the Motion (ECF DKT #60) of Defendant, City of Cleveland, for Judgment on the Pleadings is granted as to Counts VII through XI of the First Amended Complaint.  Accordingly, Plaintiff shall file an amended complaint within fourteen (14) days of this Order reflecting the dismissal of Counts VII through XI, as well as the voluntary dismissal of Defendant Michael Cummings and Defendant James White (ECF DKT ##79 & 80) and the substitution of Karen Lamendola, Guardian ad Litem for Defendant Frank Stoiker (Non-document Order of 8/25/2015).

**IT IS SO ORDERED.**

**DATE: July 20, 2016**

                                            **s/Christopher A. Boyko**
                                            **CHRISTOPHER A. BOYKO**
                                            **United States District Judge**