# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **RICKY JACKSON,** | ) | **CASE NO. 1:15CV989** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **CITY OF CLEVELAND, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #85) of Plaintiff,
Ricky Jackson, for Reconsideration, or in the alternative, to Certify Interlocutory Appeal or
Final Judgment under Rule 54(b) on Claims against Administrator of Estates.  For the
following reasons, the Motion is denied.

## I. BACKGROUND

The instant case was brought under 42 U.S.C. §1983 and under state law against the
City of Cleveland and eight former detectives and/or sergeants who were allegedly involved
in the investigation of a 1975 murder that resulted in the prosecution and conviction of
Plaintiff, Ricky Jackson.  Jackson was originally sentenced to death; but in 1978, his sentence

was commuted to life in prison.  Edward Vernon, who was twelve years old at the time of the murder, identified the perpetrators and testified at the trials of Jackson, Kwame Ajamu (formerly Ronnie Bridgeman) and Wiley Bridgeman.  In 2013, Vernon confessed to his pastor that he was threatened and coerced by Defendant officers into testifying falsely against Jackson, Ajamu and Bridgeman.  At an evidentiary hearing in state court, Vernon recanted and Jackson, Ajamu and Bridgeman were exonerated on November 21, 2014.

Jackson initiated this lawsuit on May 19, 2015, claiming *Brady* violations; fabrication of evidence; malicious prosecution; failure to intervene; conspiracy to deprive Plaintiff of his constitutional rights; supervisor liability; unconstitutional line-up procedures; intentional infliction of emotional distress; civil conspiracy; *respondeat superior* liability; indemnification; and negligent, willful, wanton and/or reckless conduct.  On November 19, 2015, Jackson submitted a Motion for Leave to File a Second Amended Complaint (ECF DKT #68), seeking to add J. Reid Yoder, Esq., who was recently appointed Administrator of the Estates of Defendants, Eugene Terpay, Peter F. Comodeca, John T. Staimpel and James T. Farmer.

In its June 30, 2016 Opinion and Order (ECF DKT #82), the Court denied Plaintiff leave to add the Administrator of the Estates on the § 1983 and malicious prosecution claims because the injuries alleged were not physical injuries and the causes of action did not survive under R.C. § 2305.21.  R.C.§2305.21 provides in pertinent part that, "in addition to the causes of action which survive at common law, causes of action for mesne profits, or ***injuries to the person*** or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto."  (Emphasis added).

-2-

In his current Motion, Jackson asserts that it was a clear error of law to find that Plaintiff's federal claims against the deceased Defendants did not survive their deaths. Jackson argues that allowing these claims to abate is contrary to the purpose of § 1983 and is inconsistent with the federal policy underlying the cause of action.  The Court disagrees.

## II. LAW AND ANALYSIS

### Reconsideration

"District courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment."  *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 F.App'x 949, 952 (6th Cir.2004).  *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S.1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge").  "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."  *Rodriguez*, 89 F.App'x at 959.

"Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice."  *Id.* (citing *Reich v. Hall Holding Co.,* 990 F.Supp. 955, 965 (N.D.Ohio 1998)).  However, as announced in *Davie v. Mitchell*, 291 F. Supp. 2d 573 (N.D. Ohio 2003):  "Motions for reconsideration are disfavored, and a motion for reconsideration is unfounded unless it either calls ... attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law."  *Id*. at 634.

-3-

At the outset, it is important to note that Jackson's argument was never raised before and that new matters are inappropriately addressed for the first time on a motion for reconsideration. *See Robinson v. Select Portfolio Servicing, Inc*., 522 F.App'x 309, 313 (6th Cir. 2013). Nevertheless, after carefully reviewing the briefs submitted and the authorities cited, the Court finds that its determination that the federal claims against the deceased Defendants, Terpay, Farmer, Staimpel and Comodeca, do not survive pursuant to R.C. § 2305.21 was not erroneous.

By its clear language, 42 U.S.C. § 1983 does not provide for the survival of civil rights actions. "Indeed, the Supreme Court has definitively held that § 1983 is deficient in not providing for survivorship." *Estate of Gilliam ex rel. Waldroup v. City of Prattville*, 639 F.3d 1041, 1045 (11th Cir. 2011), citing *Robertson v. Wegmann*, 436 U.S. 584, 588 (1978). Where federal law is "deficient," the state law of the forum applies as long as it is "not inconsistent with the Constitution and the laws of the United States." 42 U.S.C. § 1988(a); *Robertson*, 436 U.S. at 588-89.

In order to determine whether R.C. § 2305.21 is inconsistent with federal law in the context of § 1988(a), the Court must look at the federal statute at issue and the policies underlying it. "Two important policies underlying § 1983 include 'compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law.'" *Gilliam*, 639 F.3d at 1046-47; *Robertson*, 436 U.S. at 590.

> A state statute cannot be considered "inconsistent" with federal law merely because the statute causes the plaintiff to lose the litigation. ... § 1988 quite clearly instructs us to refer to state statutes; it does not say that state law is to be accepted or rejected based solely on which side is advantaged thereby. *Id*. at 593.

-4-

Furthermore, there is "nothing in [§ 1983] to indicate that a state law causing abatement of a particular action should invariably be ignored in favor of absolute survivorship." *Id*. at 590.

The very unique facts of the instant case involve police conduct that occurred forty years ago and Defendant police detectives or sergeants who have long since died. This Court believes that applying R.C. § 2305.21 in the great majority of § 1983 cases will adequately provide compensation for constitutional injuries and deter state actors who violate the Constitution.

Jackson contends that he did, indeed, suffer physical injury; and claims for physical injuries do survive the death of the defendant. However, violation of personal rights is not a physical injury. *Tinney v. Richland County,* No. 1:14CV703, 2014 WL 6896256 at *2 (N.D. Ohio Dec. 8, 2014); *Witcher v. Fairlawn*, 113 Ohio App.3d 214 (1996); *Murray v. State*, 2002-Ohio-664, 2002 WL 337732, *3 (Ohio App. 8 Dist. 2002). Allegations of physical or emotional harm, even due to egregiously long wrongful incarceration, do not convert civil rights violations into the type of tort causes of actions that are not abated by defendant's death.

Simply because application of the Ohio statute on survival of actions, in this unusual instance, defeats Plaintiff's claim against the Estates of the deceased Defendants does not mean that the Ohio law is "inconsistent" with federal law.

The Court finds there is no "need to correct a clear error or prevent manifest injustice." Plaintiff's Motion for Reconsideration is therefore denied.

**<u>Interlocutory Appeal</u>**

Under 28 U.S.C. § 1292(b), a district judge has discretion to certify a non-final order

for an interlocutory appeal if the judge believes the petitioner has adequately shown that:

> (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of litigation.
> *In re Allstate Ins. Co.*, 2010 U.S. App. LEXIS 27325, *1 (6th Cir. 2010) (citing 28 U.S.C. § 1292(b) and *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974)) (quotations omitted).

Although discretionary, "review under § 1292(b) should be sparingly granted and then only in exceptional cases." *In re Allstate*, 2010 U.S. App. LEXIS at *2 (citing *Kraus v. Bd. of County Rd. Comm'rs for Kent County*, 364 F.2d 919, 922 (6th Cir. 1966)). Thus, "doubts regarding appealability . . . [should be] resolved in favor of finding that the interlocutory order is not appealable." *United States v. Stone*, 53 F.3d 141, 143-44 (6th Cir.1995) (citation omitted).

Plaintiff contends that there is substantial ground for difference of opinion as to the survival of his § 1983 claims. He points to the Supreme Court's decision in *Robertson v. Wegmann*, but that case dealt with Louisiana survivorship statutes. Moreover, in contrast with Plaintiff's position, the *Robertson* Court held:

> Our holding today is a narrow one, limited to situations in which no claim is made that state law generally is inhospitable to survival of § 1983 actions and in which the particular application of state survivorship law, while it may cause abatement of the action, has no independent adverse effect on the policies underlying § 1983.

Plaintiff also asks this Court to look to the case of *Jaco v. Bloechle*, 739 F.2d 239 (6th Cir. 1984). However, quite distinct from the instant fact pattern, in *Jaco*, the plaintiff's son (decedent) was shot by police officers and killed instantaneously. The Sixth Circuit was

critical of the Ohio survival statute because it would have permitted survival of the civil rights cause of action if the death had not been instantaneous.

To show a substantial ground for difference of opinion under 28 U.S.C. § 1292(b), Jackson must illustrate that:

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (citation omitted).  "The 'substantial ground' requirement has been characterized as a genuine doubt or conflicting precedent as to the correct legal standard."  *Hurley v. Deutsche Bank Trust Co. Americas*, No. 1:08cv361, 2009 U.S. Dist. LEXIS 33654 at *11-12 (W.D. Mich. April 21, 2009) (citation omitted).

Jackson has cited no precedent which calls into question this Court's interpretation of the Ohio statute on survival of actions.  Further, Jackson has demonstrated no difference of opinion within this Circuit nor any split among the circuits on this issue.

Also, when applying the 28 U.S.C. § 1292(b) factors, an immediate appeal is said to advance the ultimate termination of litigation if it would "appreciably shorten the time, effort, and expense exhausted between the filing of a lawsuit and its termination."  *Trimble v. Bobby*, No. 5:10cv14, 2011 U.S. Dist. LEXIS 54142 at *6 (N.D. Ohio May 20, 2011) (citing *Berry v. Sch. Dist. of City of Benton Harbor*, 467 F. Supp. 721, 727 (W.D. Mich. 1978)).  However, "when litigation will be conducted in substantially the same manner regardless of [the Court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation."  *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002).

-7-

Certainly, in the within matter, allowing an interlocutory appeal will not shorten the litigation. The remaining Defendants represent that they stand ready to file motions for summary judgment whether or not an appeal is permitted. An interlocutory appeal, in the instant case, will not minimize the time, effort or expense of the litigation.

Plaintiff's Motion to Certify an Interlocutory Appeal under 28 U.S.C. § 1292(b) is denied.

**Fed.R.Civ.P. 54(b)**

Fed.R.Civ.P. 54(b) states in pertinent part:

When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties, only if the court expressly determines that there is no just reason for delay.

The Sixth Circuit has outlined a number of factors a district court must consider before entering an order of final judgment permitting appeal of fewer than all the claims in a multi-claim action. These factors include:

(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b). *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.* 807 F.2d 1279, 1283 (6th Cir.1986).

Rule 54(b) facilitates the entry of judgment, "where the parties demonstrate[] a need for making review available on some of the claims or parties before entry of final judgment as

to all." *Id*. at 1282.  However, *Callahan v. Alexander*, 810 F. Supp. 884, 886 (E.D.Mich. 1993) instructs:

> The Sixth Circuit has mandated that certification under Fed.R.Civ.P. 54(b) be a rare and extraordinary event. It is available only in unique situations where the moving party illustrates that, but for the certification, he would suffer some extreme hardship.

After consideration of these factors and the arguments of the parties, the Court disagrees with Plaintiff and declines to find that there is no just reason for delay.  Federal courts do not favor piecemeal appeals.  Thus, the Court finds that this is not the extreme, rare, extraordinary or unique harsh case where an interlocutory appeal would be appropriate.

### III. CONCLUSION

For the foregoing reasons, the Motion (ECF DKT #85) of Plaintiff, Ricky Jackson, for Reconsideration, or in the alternative, to Certify Interlocutory Appeal or Final Judgment under Rule 54(b) on Claims against Administrator of Estates is denied.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  November 10, 2016**

-9-